IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § § § § § | CRIMINAL DOCKET NO. 3:08-CR-0167-B |
| VS. | | |
| COREY DEYON DUFFEY (01) TONY R. HEWITT (02) JARVIS DUPREE ROSS (03) CHARLES RUNNELS (05) ANTONYO REECE (06) | | |
| Defendants. | | |

## MEMORANDUM ORDER

In this criminal action, defendants Corey Deyon Duffey (01) ("Duffey"), Tony R. Hewitt (02) ("Hewitt"), Jarvis Dupree Ross (03) ("Ross"), Charles Runnels (05) ("Runnels"), and Antonyo Reece (06) ("Reece") have filed various pretrial motions. The Court sets forth its ruling on each of the motions below. The Court notes each holding of this order is applicable to all defendants in this action.

### I.

*Motions to Suppress Illegally Seized Evidence*

Hewitt and Runnels move the Court to suppress certain "illegally seized evidence" (doc. 102, doc. 141). The Government opposes both Motions arguing Hewitt and Runnels have failed to identify what evidence should be suppressed and to provide the factual and legal basis supporting suppression.

A motion before the Court "must state the grounds on which it is based and the relief or order sought." FED. R. CRIM. P. 12(b)(1), 47(b). In reviewing these Motions, the Court finds a lack

of legal and factual basis supporting the relief Hewitt and Runnels request. Accordingly, the Motions are **DENIED** (doc. 102, doc. 141).

## II.

### *Amended Motion for Separate Hearing to Determine Existence of a Conspiracy*

Hewitt moves the Court for a separate hearing to determine the existence of a conspiracy (doc. 116). At this hearing, Hewitt would seek to determine the admissibility of any co-conspirator's statements the Government intends to introduce as hearsay exceptions under Federal Rule of Evidence 801(d)(2)(E). The Government states it will comply with its obligation to establish the proper foundation for the admission of any statement under this hearsay provision as discussed in *Bourjaily v. United States*, 483 U.S. 171 (1983), without the need for a separate hearing.

The Court plans to address the foundation to admit co-conspirator's statements at the Pretrial Conference scheduled for 2:00pm on July 24, 2009. Therefore, this Motion is **DENIED** (doc. 116).

## III.

### *Motions for Discovery and Inspection of Evidence*

Hewitt and Runnels move the Court to compel discovery and inspection of evidence (doc. 103, doc. 144). Hewitt's Motion lists twenty categories of evidence to be produced. Runnels's Motion lists twenty-three categories of evidence to be produced. The Government states it has provided Hewitt and Runnels with a copy of all information in its possession and plans to continue to provide Hewitt and Runnels with any information it receives in the future.

As part of discovery and inspection, the Government is required to disclose each of the categories of evidence Hewitt and Runnels have listed. FED. R. CRIM. P. 16. Accordingly, these

Motions are **GRANTED** (doc. 103, doc. 144). The Court notes it appears the Government is already in compliance with this order.

## IV.

### *Motions for Evidence Favorable to the Defendant*

Hewitt and Runnels move the Court to compel the production of all exculpatory evidence or evidence favorable to the Defendants in the Government's possession (doc. 104, doc. 145). The Government states it has no information in its possession that is exculpatory or favorable to the Defendants, but notes its intention to comply with its continuing obligation to provide such information to the Defendants in the future.

It is a violation of due process for the Government to withhold from the Defendants upon request evidence that is material to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83 (1963); *see also* FED. R. CRIM. P. 16. Accordingly, these Motions are **GRANTED** (doc. 104, doc. 145). The Court notes it appears the Government is already in compliance with this order.

## V.

### *Motions to Preserve Agents' Notes*

Hewitt and Runnels move the Court to compel the production and preservation of all agents' notes (doc. 105, doc. 140). The Government notes Hewitt has not made any statements to law enforcement. However, the Government does not oppose these Motions and adds it will make reasonable efforts to preserve the notes of any witness's interview.

The Government is obligated to disclose upon request a defendant's oral statement made before or after arrest in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. FED. R. CRIM. P. 16(a)(1)(A).

Accordingly, these Motions are **GRANTED** (doc. 105, doc. 140).  The Court notes it appears the Government is already in compliance with this order.

## VI.

### *Motion for Attorney Participation in Voir Dire*

Hewitt moves the Court to allow attorney participation in voir dire and has submitted a memorandum in support (doc. 106).  The Government does not oppose this Motion.

In conducting voir dire, the Court may examine prospective jurors or may permit the attorneys to conduct examination.  FED. R. CRIM. P. 24(a)(1).  Because it is the regular practice of this Court to allow attorney participation during voir dire, this Motion is **GRANTED** (doc. 106). The Court will fully inform Counsel of how it intends to proceed with voir dire at the Pretrial Conference on July 24, 2009.

## VII.

### *Motion for Notice of Intention to Introduce Extraneous or Similar Acts*

Runnels moves the Court to compel notice of the Government's intention to introduce extraneous or similar acts (doc. 139).  The Government does not oppose this Motion.  The Government further submits it intends to offer the Defendant's felony convictions at trial to prove an essential element of three of the charged offenses, Counts Eight, Forty, and Forty-One of the indictment.  Each offense alleges the Defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm in violation of 18 U.S.C. § 922(g)(1).

The prosecution in a criminal case is required to provide reasonable notice in advance of trial of the general nature of any evidence of other crimes, wrongs, or acts it intends to introduce. FED. R. EVID. 404(b). Accordingly, this Motion is **GRANTED** (doc. 139).

## VIII.

### *Conclusion*

In summary, the Court rules on the various pretrial motions filed by Counsel as follows:

- Motions to Suppress Illegally Seized Evidence, **DENIED** (doc. 102, doc. 141)

- Amended Motion for Separate Hearing to Determine Existence of a Conspiracy, **DENIED** (doc. 116)

- Motions for Discovery and Inspection of Evidence, **GRANTED** (doc. 103, doc. 144)

- Motions for Evidence Favorable to the Defendant, **GRANTED** (doc. 104, doc. 145)

- Motions to Preserve Agents' Notes, **GRANTED** (doc. 105, doc. 140)

- Motion for Attorney Participation in Voir Dire, **GRANTED** (doc. 106)

- Motion for Notice of Intention to Introduce Extraneous or Similar Acts, **GRANTED** (doc. 139)

**SO ORDERED**.

July 24, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE