UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NUMBER: 3:08-CR-0167-B** |
| | § | |
| **COREY DEYON DUFFEY (01)** | § | |
| **TONY R. HEWITT (02)** | § | |
| **JARVIS DUPREE ROSS (03)** | § | |
| **CHARLES RUNNELS (05)** | § | |
| **ANTONYO REECE (06)** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Joint Motion for Acquittal (Rule 29 F.R.C.P.) ("Motion for Acquittal") (doc. 260). The Court finds that the Motion should be and hereby is **DENIED** for the reasons that follow (doc. 260).

**I.**

**BACKGROUND**

On November 19, 2008, Corey Deyon Duffey, Tony R. Hewitt, Jarvis Dupree Ross, Charles Runnels, and Antonyo Reece (the "Defendants") were named in a multi-count superseding indictment charging violations of 18 U.S.C. § 371 (Conspiracy to Commit Bank Robbery), 18 U.S.C. § 924(c)(1)(A)(i) (Using, Carrying and Brandishing a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence), 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2 (Attempted Bank Robbery), 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Felon in Possession of a Firearm), 18 U.S.C. § 111 (Assault on a Federal Officer), 18 U.S.C. § 1201(a)(1) (Kidnapping), and 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2 (Bank

Robbery).[1] (*See generally* Superseding Indictment.) Following trial, a jury found the Defendants guilty on all counts charged. On September 21, 2009, the Defendants jointly filed the instant Motion for Acquittal. Having considered the parties briefing and the relevant law, the Court now turns to the merits of its decision.

**II.**

**LEGAL STANDARD**

A motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29 "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998)(citing Fed. R. Crim. P. 29(a)). In assessing such a motion, the court must consider the evidence, all reasonable inferences drawn from the evidence, and all credibility determinations in the light most favorable to the Prosecution. *Id*. The Rule 29 standard does not require the evidence exclude every reasonable hypothesis of innocence. *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). Rather, a judgment should be affirmed "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997). Thus, the jury retains the sole authority to weigh any conflicting evidence and evaluate the credibility of witnesses. *Loe*, 262 F.3d at 432.

[1] The superseding indictment also contained a related forfeiture allegation charge under 18 U.S.C. § 924(d), 28 U.S.C. § 2461 (c), and 18 U.S.C. § 3665. (Superseding Indictment 53-54.)

## III.

## ANALYSIS

The Defendants have made separate objections as to their respective convictions for attempted bank robbery, multiple bank robbery conspiracies, and the bank robbery counts levied against Defendants Antonyo Reece and Corey Deyon Duffey. The Court will consider each objection in turn.

### A. Attempted Bank Robbery Convictions

Defendants argue the evidence presented at trial failed to establish beyond a reasonable doubt the commission of attempted bank robbery as charged in Counts 3 and 18.[2] (Defs.' Joint Mot. For Acquittal 1-2.) Correspondingly, Defendants further argue the evidence presented at trial failed to establish the associated firearm violations charged in Counts 4 and 19.[3] (*Id.*) Citing the Fifth Circuit's ruling in *United States v. Bellew*, Defendants argue proof of *actual* force and violence or intimidation is required for a conviction of attempted bank robbery under 18 U.S.C. § 2113(a). (*Id.* (citing 369 F.3d 450 (5th Cir. 2004).) Proof of *attempted* force is insufficient. (*Id.*) Defendants contend they did not enter a bank or use actual force and violence or intimidation against any bank employee on the dates in question. (*Id.* at 2.) Thus, because

---

[2]Count 3 charges the Defendants with an attempted bank robbery occurring on or about June 2, 2008 in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2. (Superseding Indictment 5.) Count 18 charges the Defendants with an attempted bank robbery occurring on or about May 16, 2008 in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2. (*Id.* at 23.)

[3]Count 4 charges the Defendants with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence on or about June 2, 2008 in violation of 18 U.S.C. § 924(c)(1)(C)(i). (Superseding Indictment 6.) Count 19 the charges Defendants with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence on or about May 16, 2008 in violation of 18 U.S.C. § 924(c)(1)(C)(i). (*Id.* at 24.)

the Government failed to establish that any named Defendant entered a bank or committed an act of force and violence or intimidation on the dates in question, Defendants argue they should be acquitted of their convictions on Counts 3, 4, 18, and 19. (*Id.*)

The Government counters the Defendants are not entitled to acquittal on the charges in question. (Government's Resp. To Defs'. Joint Mot. For Acquittal 2.) The Government argues the case at hand is factually distinguishable from the *Bellew* case and, thus, the *Bellew* holding is not controlling. (*Id.* at 3-6.) Further, the Government notes sufficient evidence was presented at trial to establish Defendants' attempted robbery and related firearm charges. (*Id.* at 7-8.) As such the Government argues the convictions should be upheld. (*Id.*)

The federal bank robbery statute provides

> Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –
>
> Shall be fined under this title or imprisoned not more than twenty years or both.

18 U.S.C. § 2113(a).

In *Bellew*, the defendant, disguised in a wig, entered a bank carrying a briefcase containing a firearm, instructions he had written to himself on how to rob the bank, and a demand note. 369 F.3d at 451. The defendant asked to speak to the manager. *Id.* Upon being told the

manager was busy, the defendant left with the intention of returning later that day. *Id.* An employee reported the defendant's suspicious behavior to the manager who called the police. *Id.* at 452. The police subsequently arrested the defendant. *Id.* And he was charged with attempted bank robbery under the first paragraph of § 2113(a) and a related firearm offense. *Id.* A jury convicted the defendant of both offenses, and the defendant appealed his conviction to the Fifth Circuit. *Id.*

The Fifth Circuit held the evidence did not support the defendant's conviction, finding that the first paragraph of § 2113(a) requires an actual act of intimidation, regardless of whether a robbery or attempted robbery is being charged. *Id.* at 454-55. The Fifth Circuit recognized such a holding not only overturned the defendant's conviction, but also created a split from the holdings of some of its sister circuits. *Id.* at 456. However, because the facts showed the defendant actually entered the bank, the Fifth Circuit noted the defendant could have been properly charged under the second paragraph of § 2113(a). *Id.* Accordingly, the Fifth Circuit reasoned that "the prospective impact of the split will be minimal to nonexistent because the availability of the second paragraph of Section 2113(a) would allow for a conviction under the facts presented here." *Id.*

The facts established here are distinguishable from the facts in *Bellew*. The evidence presented at trial in the instant case shows the Defendants, armed with firearms, intended to rob two different banks on May 16, 2008 and June 2, 2008, respectively. The evidence further shows the Defendants took substantial steps toward the commission of these robberies. However, while the defendant in *Bellew* actually entered a bank, the Defendants here did not actually enter a bank on either date. In light of this material factual difference, the Court views the Fifth

Circuit's ruling in *Bellew* as inapplicable to the instant case.[4] A rational trier of fact could find the evidence presented at trial clearly established the Defendants' commission of attempted robbery and the related firearm offenses beyond a reasonable doubt. As such, the Court upholds the jury's convictions. Accordingly, Defendants' Motion for Acquittal is **DENIED** to the extent it seeks an acquittal on Counts 3, 4, 18, and 19.

**B. Multiple Conspiracies**

Defendants argue they are entitled to acquittals as to the conspiracies charged in Counts 1, 14, 15, 16, 20, 24, 28, 32, 36, 2, 17, 21, 25, 29, 33, and 37.[5] (Defs.' Joint Mot. For Acquittal 2.) Defendants contend the charges are duplicitous because the Government only proved the existence of a single conspiracy to rob multiple banks. (*Id.*) To support this contention, Defendants note the personnel involved in the alleged robberies stayed consistent throughout the conspiracy with only minor changes. (*Id.* at 3 (citing *United States v. Levy*, 803 F.2d 1390, 1395 (5th Cir. 1986)).) Further, Defendants note the statutory offense charged in each conspiracy is the same. (*Id.* at 4.) Each charge also involved the same overt act because each robbery or attempted robbery targeted an FDIC insured bank. (*Id.* at 4.) Finally, Defendants contend the alleged conspiracies all took place in the Northern District of Texas. (*Id.*)

---

[4]The Court further notes that to broadly interpret *Bellew*'s holding as applicable to the facts at hand would seemingly suggest a defendant need actually enter a bank or use actual force and violence or intimidation to warrant a conviction for attempted robbery under § 2113(a). Such a holding runs against the interests of public policy and the fundamental purpose of prosecuting attempted offenses. As such, the Court declines to adopt such a broad interpretation of *Bellew*'s applicability.

[5]Counts 1, 14, 15, 16, 20, 24, 28, 32, and 36 charge the Defendants with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. (Superseding Indictment at 2, 16, 18, 20, 25, 30, 35, 40, 45.) Counts 2, 17, 21, 25, 29, 33, and 37 correspondingly charge the Defendants with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(I). (*Id.* at 4, 22, 27, 32, 37, 42, 47.)

The Government argues the jury's finding of multiple conspiracies must be upheld. (Government's Resp. To Defs.' Joint Mot. For Acquittal 13.) Although the conspiracies involve violations of the same statutory offense, the Government contends each conspiracy involved a different overt act because each targeted a different bank. (*Id.*) Further, the Government notes the robberies were not interdependent and occurred on separate occasions and in different locations. (*Id.*) Finally, although the Government concedes there was some overlap of the individuals involved with each conspiracy, it argues the commonality of membership at hand does not preclude the existence of multiple conspiracies. (*Id.* at 13-14.)

A determination as to whether defendants participated in a single conspiracy or multiple conspiracies should focus upon five factors

> (1) the statutory offense charged in the indictment; (2) the extent to which the overt acts charged, or any other description of the offense, indicates whether the conspiracies have a common goal, are similar in nature, or involve a common scope of activity; (3) the extent to which the events alleged as part of the conspiracies occurred at different locations; (4) the time frames during which the alleged conspiracies occurred; and (5) the extent to which the same persons are involved in the conspiracies.

*United States v. Greer*, 939 F.2d 1076, 1087 (5th Cir. 1991). In evaluating the five factors, a court must consider the evidence in the light most favorable to the Government, and the Government need only show by a preponderance of the evidence that separate offenses occurred. *Id.* at n. 11.

In the instant action, each conspiracy charged involves the same statutory offense, but seemingly different overt acts. Specifically, each conspiracy charge involves a separate robbery or attempted robbery targeting a specific bank, on a specific date, at a specific location in the Dallas/Fort Worth area. These different targets, dates, and locations enforce each charged

crime's independence. Further, although there was some personnel overlap as to each conspiracy charged, there was also some inconsistency as to who participated in each crime. Considering these factors together, the Court finds the Government has shown the existence of multiple conspiracies by a preponderance of the evidence and the jury's finding should be upheld. Accordingly, Defendants' Motion for Acquittal is **DENIED** to the extent it seeks acquittal on Counts 1, 14, 15, 16, 20, 24, 28, 32, 36, 2, 17, 21, 25, 29, 33, and 37.

**C. Defendant Antonyo Reece**

Defendant Antonyo Reece ("Reece") separately moves for a judgment of acquittal as to the remaining counts with which he was charged.[6] (Defs.' Joint Mot. For Acquittal 5.) Defendant Reece contends no evidence was presented that he ever entered a bank or participated in a bank robbery on the day in question, nor was there any evidence presented to establish that Reece possessed a firearm in furtherance of a bank robbery on that day. (*Id.*)

The Government contends the evidence at trial sufficiently proved Reece's guilt as to the counts in question. (Government's Resp. To Defs.' Joint Mot. For Acquittal 14.)

The Court finds the evidence presented at trial adequately established Reece's guilt beyond a reasonable doubt. As such, the jury's verdict is affirmed and Defendants' Motion for Acquittal is **DENIED** to the extent it seeks acquittal on the remaining charges levied against Reece.

---

[6]The remaining counts with which Reece was charged are Counts 22 and 23. Count 22 charges Reece with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2. (Superseding Indictment 28.) Count 23 charges Reece with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(i). (*Id.* at 29.)

**D. Defendant Corey Duffey**

Defendant Corey Duffey ("Duffey") separately moves for a judgment of acquittal as to the remaining counts with which he was charged.[7] (Defs.' Joint Mot. For Acquittal 5.) Duffey contends the evidence was insufficient to establish he actually possessed a firearm or entered a bank on the dates in question. (*Id.*)

The Government contends the evidence at trial sufficiently proved Duffey's guilt as to the counts in question. (Government's Resp. To Defs.' Joint Mot. For Acquittal 14.)

The Court finds the evidence presented at trial adequately established Duffey's guilt beyond a reasonable doubt. As such, the jury's verdict is affirmed and Defendants' Motion for Acquittal is **DENIED** to the extent it seeks an acquittal on the remaining charges levied against Duffey.

**IV.**

**CONCLUSION**

The Court finds a rational trier of fact could have established beyond a reasonable doubt that the Defendants engaged in attempted bank robbery and related firearm offenses as charged in Counts 3, 4, 18, and 19, that the Defendants engaged in multiple conspiracies to commit bank robbery, and that Reece and Duffey are guilty of the remaining charges levied against them. Accordingly, the Court finds Defendants' Motion for Acquittal should be and hereby is **DENIED**

---

[7] The remaining counts with which Duffey was charged are Counts 22, 23, 26, 27, 30, 31, 34, 35, 38, and 39. Counts 22, 26, 30, 34, and 38 charge Duffey with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2. (Superseding Indictment 28, 33, 38, 43, 48.) Counts 23, 27, 31, 35, and 39 charge Duffey with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(i). (*Id.* at 29, 34, 39, 44, 49.)

(doc. 260).

**SO ORDERED.**

**DATED January 20, 2010**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE